# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.	CASE NO: 8:18-cr-90-CEH-MRM

VERNARDO BIVIANO JIMENEZ-HURTADO

## ORDER

This cause comes before the Court on Defendant Vernardo Biviano Jimenez-Hurtado's Motion for Compassionate Release (Doc. 107). In the motion, Jimenez-Hurtado requests compassionate release because he identifies as being at high risk of serious complications if he contracts COVID-19. *Id.* at 1. The Government opposes Jimenez-Hurtado's motion (Doc. 108).

Having reviewed the motion and being fully advised in its premises, the Court concludes Jimenez-Hurtado's Motion for Compassionate Release is due to be denied.

## I.  BACKGROUND

On August 9, 2018, Jimenez-Hurtado was sentenced to a term of 108 months' incarceration upon his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 84. Now 33 years old, he is incarcerated at FCI Bastrop.

In his motion, Jimenez-Hurtado requests compassionate release so that he can return to his home country of Colombia because of the COVID-19 pandemic. Doc.

107. He asserts that he is at high risk of serious complications if he should contract COVID-19 because he is a smoker and is Colombian, and that his continued incarceration during the pandemic does not accord with the sentencing factors under 18 U.S.C. § 3553(a) or the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 1-2. Jimenez-Hurtado also argues that he is not a danger to the community. *Id.* at 2.

In response, the Government first argues that Jimenez-Hurtado has not exhausted his administrative remedies because he filed the instant motion less than 30 days after he requested a sentence reduction from the Bureau of Prisons. Doc. 108 at 6. The Government further asserts that he has not established an extraordinary and compelling reason for compassionate release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) and the Sentencing Commission's policy statement. *Id.* at 6-7. He has not proven that his nationality and status as a smoker constitute such a reason, particularly in light of his vaccination against COVID-19. *Id.* at 9-11. Finally, the Government contends that the sentencing factors listed in § 3553(a) weigh against a sentence reduction because of the nature of his offense. *Id.* at 12-13.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step

Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III. DISCUSSION

As a threshold matter, the Court agrees with the Government that Jimenez-Hurtado has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Jimenez-Hurtado states that he submitted a request to the warden on October 11, 2021, before filing the instant motion on October 29, 2021—less than 30 days later. Doc. 107

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

at 1. Moreover, the record contains no indication that Jimenez-Hurtado fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. *See United States v. Powell*, 8:08-cr-126-CEH-SPF, 2021 WL 5843114, *3 (M.D. Fla. Dec. 9, 2021) (Honeywell, J.) (defendant failed to exhaust administrative remedies when he did not appeal the warden's denial and filed his motion less than 30 days after submitting the request to the warden). Because neither exhaustion option has been satisfied, Jimenez-Hurtado is not permitted to pursue his claim in this Court and his motion is due to be denied.

Even if Jimenez-Hurtado could show that he exhausted administrative remedies, his motion nonetheless fails to show an extraordinary or compelling reason for compassionate release.

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant has the burden of establishing that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his

age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.

Here, Jimenez-Hurtado is 33 years old and did not become incarcerated until 2018. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). He contends that his vulnerability to COVID-19 and the closure of prison programming constitute such a reason. Doc. 107 at 1-2.[2]

The Government challenges whether Jimenez-Hurtado is, in fact, particularly vulnerable to serious complications from contracting COVID-19. *See* Doc. 108 at 9. But the Court need not resolve this dispute. The Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements, even if an incarcerated individual's medical conditions place him at particular risk of severe illness should he contract COVID-19. *See United States*

---

[2] Jimenez-Hurtado references the Eighth Amendment in his argument about the closure of prison programming. Doc. 107 at 2. The Court interprets this reference as an argument that the Bureau of Prison's response to the COVID-19 pandemic constitutes an Eighth Amendment violation that, in turn, is an extraordinary and compelling reason for his release. To the extent that Jimenez-Hurtado instead intends to allege Eighth Amendment violations against the Bureau of Prisons, he must bring a civil action against the Bureau. *See*, *e.g.*, *United States v. McNair*, 3:19-cr-193-BJD-LLL, 2022 WL 562348, *3 (M.D. Fla. Feb. 23, 2022); *United States v. Wallace*, 4:19-cr-19, 2021 WL 203308, *4 n.1 (S.D. Ga. Jan. 20, 2021); *Swindle v. United States*, 7:15-cr-00247-LSC-SGC, 2020 WL 12182762, *1 n.3 (N.D. Ala. Nov. 24, 2020) (each finding that an Eighth Amendment claim was not properly raised in a motion for compassionate release); *see also United States v. Hundley*, 19-cr-20182-RAR, 2020 WL 6826362, *2 (S.D. Fla. Nov. 20, 2020) (explaining that release from custody is not an available remedy to an Eighth Amendment violation; finding that defendant failed to establish deliberate indifference to serious medical needs of incarcerated individuals).

*v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). The case on which Jimenez-Hurtado relies, *United States v. Pappa*, 95-00084-CR-LENARD, 2021 WL 1439714 (S.D. Fla. April 1, 2021), *see* Doc. 107 at 3, was decided before *Bryant* held that district courts deciding motions for compassionate release are strictly limited by the policy statement's definition of an extraordinary and compelling reason. 996 F.3d 1243. Jimenez-Hurtado has not made a substantial showing of a medical condition, family circumstance, age, or a specific reason identified by the Bureau of Prisons pursuant to the policy statement. U.S.S.G. § 1B1.13, cmt. n.1. Under the Eleventh Circuit's binding precedent, this Court cannot find that he has established an extraordinary and compelling reason warranting his release.[3]

---

[3] Because the Court has determined that Jimenez-Hurtado is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 107 at 2; Doc. 108 at 12-13.

Accordingly, it is **ORDERED**:

1. Defendant Vernardo Biviano Jimenez-Hurtado's Motion for Compassionate Release (Doc. 107) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties